UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DEMECO HILL,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 25-4219 |
| | ) | |
| **WEXFORD,** *et al.*, | ) | |
|     **Defendants.** | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently incarcerated at Hill Correctional Center ("Hill"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). The Court must "screen" Plaintiff's Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### ALLEGATIONS

Plaintiff files suit against Defendants Wexford, Nelly Boon (Healthcare Administrator), John Doe (IDOC Administration), John Doe (Warden), and Jane Doe (Sick Call Nurse).

Plaintiff alleges he slipped on ice in the yard at Hill in September 2021 and tore his front quad muscle. Plaintiff alleges he asked an unidentified correctional officer to go to the Healthcare

Unit ("HCU"), but his request was denied. Plaintiff put in for sick call, but he was told it was not a tear.

In October 2023, Plaintiff underwent an MRI which revealed he had a tear. Plaintiff states the tear could not be repaired because it was too late and his injury had healed wrong. Physical therapy was recommended, but Plaintiff alleges unidentified medical staff at Hill failed to follow the physical therapist's treatment plan. Plaintiff alleges Defendant Warden John Doe failed to ensure he received physical therapy during lockdowns and while he was assigned to the restrictive housing unit.

Plaintiff alleges Defendant Healthcare Administrator Boon "failed to review [his] situation resulting in a 2 year delay in sending [him] out to have the MRI that showed his injury." (Doc. 1 at p. 7). Plaintiff alleges the delay caused permanent disfigurement, and he cannot participate in sports he previously enjoyed. Plaintiff also alleges Defendant Boon failed to ensure staff properly executed their duties when responding to sick call requests.

Plaintiff alleges Defendant Sick Call Nurse Jane Doe did not see him for almost five months despite his numerous sick call requests. Plaintiff claims nursing staff were deliberately indifferent to his medical needs during sick call.

Plaintiff alleges he was denied access to the law library and was unable to file his Complaint until now. Plaintiff states Defendant Warden John Doe instituted frequent lockdowns at Hill and canceled his call passes to the law library.

**ANALYSIS**

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

In a conclusory fashion, Plaintiff alleges Defendant Warden John Doe was deliberately indifferent because he failed to ensure Plaintiff received proper medical care and physical therapy. Plaintiff alleges Defendant Healthcare Administrator Boon "failed to review [his] situation," and as a result, Plaintiff was not sent out for an MRI in timely manner. Plaintiff also alleges Defendant Boon failed to ensure medical staff properly executed their duties when responding to sick call requests. There is no *respondeat superior* under § 1983. In other words, Defendants John Doe and Boon cannot be liable based only on their supervisory roles. *See Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Officials are accountable for their own acts; they are not vicariously liable for the conduct of

subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Additionally, "if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Arnett*, 658 F.3d at 755 (citing *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005)); *see also Johnson v. Doughty*, 433 F.3d 1001, 1011 (7th Cir. 2006). Defendants Warden John Doe and Boon are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Plaintiff alleges the IDOC Administration contracted with Wexford and is responsible for the care Wexford provided. It is unclear how the IDOC Administration and Wexford were involved in any constitutional deprivation. Private corporations have potential liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978), if they perform a governmental function and, in doing so, injure plaintiff through an unconstitutional policy or practice. *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). Since there is no *respondeat superior* liability under § 1983, Wexford cannot be liable for the alleged misdeeds of its employees, as employees are responsible individually. *Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007). Wexford has potential liability only if it had an unconstitutional policy, practice, or custom which caused the constitutional deprivation. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). "Liability may be based on (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not

authorized by written law or express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policy making authority." *Taylor v. Wexford Health Sources, Inc.*, No.15-5190, 2016 WL 3227310, at *4 (N.D. Ill. June 13, 2016) (citing *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). Defendants IDOC Administration and Wexford are dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

Plaintiff alleges Defendant Jane Doe, the Sick Call Nurse, did not see him for almost five months despite his numerous sick call requests. Plaintiff also claims nursing staff were deliberately indifferent to his medical needs during sick call. Plaintiff does not specify how many sick call requests he submitted or when he submitted them. Plaintiff also does not specify how nursing staff were allegedly deliberately indifferent to his medical needs during sick call. Plaintiff's conclusory and threadbare allegations against Defendant Jane Doe are insufficient to state a deliberate indifference claim. Defendant Jane Doe is dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

Finally, it appears Plaintiff's claims may be barred by the statute of limitations, as Plaintiff alleges conduct that occurred in September 2021 and October 2023. Claims brought under § 1983 are generally governed by a two-year statute of limitations. *Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011) ("[i]n Illinois, the statute of limitations period for § 1983 claims is two years, 735 ILCS 5/13-201"). A claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) (quoting *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993)). "The statute of limitations is an affirmative defense, but if a plaintiff 'pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court.'" *Bray v. Gary Police Dept. Chief*, No. 2:10-

CV-229, 2010 WL 2674531, at *1 (N.D. Ind. June 28, 2010) (quoting *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993)); *see also Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) ("[a] statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate.").

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.**

ENTERED: March 3, 2026

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge