E-FILED
Monday, 18 May, 2026  11:35:33 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DEMECO HILL, | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 25-4219** |
| | ) | |
| WEXFORD, *et al.*, | ) | |
|     **Defendants.** | ) | |

**<u>MERIT REVIEW ORDER</u>**

Plaintiff, proceeding *pro se* and currently incarcerated at Hill Correctional Center ("Hill"), filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 10). The Court must "screen" Plaintiff's Amended Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**ALLEGATIONS**

Plaintiff files suit against Warden Tyrone Baker, Wexford, Sick Call Nurse Jane Doe(s), Security Staff John Doe(s), and Healthcare Administrator John Doe. (Doc. 10 at pp. 2-3).

Plaintiff no longer names John Doe (IDOC Administration), Healthcare Administrator Nelly Boon, and Warden John Doe as Defendants. Therefore, they are dismissed without prejudice.

1

On an unspecified date, Plaintiff alleges he slipped on ice in the yard at Hill and tore his front quad muscle. Plaintiff alleges the warden did not ensure the yard walks were salted to melt the ice and prevent injuries. Plaintiff does not specify when his injury occurred and if Defendant Baker was the warden.

Plaintiff states he told correctional staff about his injury and asked to go to the Healthcare Unit for treatment. Nursing staff told Plaintiff he would not be walking if anything was torn.

Plaintiff alleges his pain continued. He submitted numerous sick call slips but was only given 200 milligrams of ibuprofen.

Plaintiff alleges he was not sent to a professional until October 2023. At that time, Plaintiff learned his injury was beyond repair due to the amount of time it took Wexford staff to send him to the hospital. Plaintiff alleges he was prescribed physical therapy. Despite a letter to Defendant Warden Baker, Defendant Baker allegedly failed to ensure Plaintiff received his prescribed physical therapy while he was in restrictive housing. Plaintiff also alleges Defendant John Doe Healthcare Administrator did not ensure he received his prescribed physical therapy. As a result, Plaintiff alleges he is now disfigured and weaker.

Plaintiff alleges Defendant Warden Baker instituted lockdowns that were not reported to IDOC headquarters. During lockdowns, Plaintiff alleges his call passes to the law library were cancelled and not rescheduled. Plaintiff alleges this prevented him from being able to file his lawsuit until now. Plaintiff also alleges Defendant Warden Baker stopped law clerks from going to restrictive housing to help *pro se* litigants. Plaintiff alleges this prevented him from filing lawsuits against staff members and restricted his right of access to the courts.

**ANALYSIS**

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837). The Court finds Plaintiff sufficiently alleged that Defendants Warden Baker and Healthcare Administrator John Doe were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by denying him his prescribed physical therapy.

Plaintiff is advised that Defendant Healthcare Administrator John Doe cannot be served. Plaintiff will be given an opportunity to propound written discovery requests aimed solely at identifying the name of the Healthcare Administrator John Doe. Under the circumstances, the Court finds that Defendant Warden Baker is best suited to respond to this discovery. Ultimately,

it is Plaintiff's responsibility to identify Defendant Healthcare Administrator John Doe and file a Motion to Substitute with Defendant John Doe's first and last name.

Plaintiff's conclusory and threadbare allegations against Defendant Sick Call Nurse Jane Doe and Security Staff John Doe are insufficient to state an Eighth Amendment deliberate indifference claim. It is unclear how these Defendants were personally involved in any constitutional deprivations. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Defendants Sick Call Nurse Jane Doe and Security Staff John Doe are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Private corporations, such as Defendant Wexford, have potential liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978), if they perform a governmental function and, in doing so, injure plaintiff through an unconstitutional policy or practice. *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). Since there is no *respondeat superior* liability under § 1983, Defendant Wexford cannot be liable for the alleged misdeeds of its employees, as employees are responsible individually. *Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007). Defendant Wexford has potential liability only if it had an unconstitutional policy, practice, or custom which caused the constitutional deprivation. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). "Liability may be based on (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person

with final policy making authority." *Taylor v. Wexford Health Sources, Inc.*, No.15-5190, 2016 WL 3227310, at *4 (N.D. Ill. June 13, 2016) (citing *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). Defendant Wexford is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Finally, Plaintiff alleges Defendant Warden Baker restricted his right of access to the courts by cancelling his call passes to the law library during lockdowns and preventing law clerks from providing legal assistance to *pro se* litigants in restrictive housing. It is unclear if Plaintiff included these allegations in his Amended Complaint to explain why he did not file this lawsuit until now or if Plaintiff intends to proceed on a First Amendment claim against Defendant Baker for allegedly violating his right of access to the courts. If the latter, a First Amendment claim against Defendant Baker is not properly joined with an Eighth Amendment deliberate indifference claim against Defendant Healthcare Administrator John Doe. Unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants

belong in different suits . . . ."). If Plaintiff wishes to proceed on a First Amendment claim against Defendant Baker, he may file a separate Complaint.

**IT IS THEREFORE ORDERED:**

1)    According to the Court's Merit Review of Plaintiff's Amended Complaint [10] under 28 U.S.C. § 1915A, this case shall proceed on an Eighth Amendment deliberate indifference claim against Defendants Tyrone Baker and Healthcare Administrator John Doe for allegedly denying Plaintiff his prescribed physical therapy. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)    Defendants Wexford, John Doe (IDOC Administration), Nelly Boon (Healthcare Administrator), John Doe (Warden), Jane Doe(s) (Sick Call Nurse), and John Doe(s) (Security Staff) are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE Defendants Wexford, John Doe (IDOC Administration), Nelly Boon, John Doe (Warden), and Jane Doe (Sick Call Nurse).

3)    This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4)    The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals

Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5)       Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6)       If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7)       This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned

unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8)    Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition.

9)    Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10)    Plaintiff shall be provided with a copy of all pertinent medical records upon request.

11)    Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12)    The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:  5/18/2026

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge